Justice Scalia,
with whom The Chief Justice and Justice Thomas join, dissenting.
I dissent from the decision to remand this case in light of Romer v. Evans, 517 U. S. 620 (1996). Romer involved a state constitutional amendment prohibiting special protection for homosexuals. The consequence of its holding is that homosexuals in a city (or other electoral subunit) that wishes to accord them special protection cannot be compelled to achieve a state constitutional amendment in order to have the benefit of that democratic preference. The present case, by contrast, involves a determination by what appears to be the lowest electoral subunit that it does not wish to accord homosexuals special protection. It can make that determination effective, of course, only by instructing its departments and agencies to obey it — which is what the Cincinnati Charter Amendment does. Thus, the consequence of holding this provision unconstitutional would be that nowhere in the country may the people decide, in democratic fashion, not to accord special protection to homosexuals. Unelected heads of city departments and agencies, who are in other respects (as democratic theory requires) subject to the control of the people, must, where special protection for homosexuals are concerned, be permitted to do what they please. This is such an absurd proposition that Romer, which did not involve the issue, cannot possibly be thought to have embraced it.
*1002 I would deny certiorari in this case, or else set the case for argument to decide for ourselves the ultra-Romer issue that it presents.